SLG SANDERS · LAW GROUP ·

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No:**

Kevin C. Downs,

Plaintiff,

v.

Cark Ventures LLC f/k/a Libs of Tik Tok LLC,

Defendant.
_______________________________________/

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Kevin C. Downs ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Cark Ventures LLC f/k/a Libs of Tik Tok LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Plaintiff created a photograph of Jason Sargeant, the man accused of stabbing two people at Grand Central Terminal on December 24, 2024, at his first court appearance (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant operates "Libs of TikTok," a social media and online publishing brand that publishes news and political commentary to over one million followers and monetizes that audience through, among other things, paid subscriptions, a newsletter, merchandise sales, and paid partnerships.

4. Defendant owns and operates the social media account @libsoftiktok on the X platform (formerly known as Twitter) at URL: https://x.com/libsoftiktok (the "Account").

5. Defendant, without authorization, reproduced and publicly displayed the Photograph in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff is an individual who is a citizen of the State of New York and maintains a principal place of business in Queens County, New York.

7. Defendant is a Delaware limited liability company (File No. 6465268) formed on December 10, 2021 under the name Libs of Tik Tok LLC and since renamed Cark Ventures LLC. Defendant is registered with the Florida Department of State to transact business in Florida under its former name (Document No. M22000003312), with a principal place of business at 382 Northeast 191st Street, No. 97675, Miami in Miami-Dade County, Florida. Defendant has reported this address as its principal place of business in every filing with the Florida Department of State since July 21, 2023, including its most recent annual report, filed March 5, 2026.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

SLG SANDERS · LAW GROUP ·

## FACTS COMMON TO ALL CLAIMS

**A. Plaintiff's Copyright Ownership**

11. Plaintiff is a New York-based professional photojournalist and documentary photographer. Plaintiff studied fine arts at Pratt Institute and photography at the City College of New York. Plaintiff's work has been published by the New York Post, The Wall Street Journal, TIME, ABC News, Travel + Leisure, the Daily Mail, The Sydney Morning Herald, and Grazia France, among many other outlets.

12. Plaintiff's documentary work includes extensive coverage of the aftermath of Hurricane Sandy in the Rockaways and Staten Island and a multi-year project documenting the Iron Triangle in Corona, Queens. Plaintiff has taught photography workshops at the International Center of Photography and is a recipient of the Missouri Photo Workshop's Bill and Duane Honorary Director's Scholarship.

13. Plaintiff has devoted substantial time, skill, effort, and expense to developing his photography business and creating a portfolio of original photographs.

14. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

15. Plaintiff is the author and copyright owner of numerous original photographic works protected under the Copyright Act, including the Photograph that is the subject of this action.

16. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit his copyrighted photographs.

17. Plaintiff derives income from the licensing and authorized use of his copyrighted works and maintains exclusive rights in the works he creates pursuant to the Copyright Act.

18. Plaintiff relies upon licensing revenue derived from the authorized use of his

SLG SANDERS · LAW GROUP ·

photographs and actively protects his copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of his copyrighted works, and interferes with the market for authorized licenses.

19. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

20. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

21. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

22. On December 25, 2024, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

23. Plaintiff published the Photograph by commercially licensing it to the New York Post, which published the Photograph on December 25, 2024, at URL: https://nypost.com/2024/12/25/us-news/alleged-grand-central-terminal-slasher-wails-for-his-mom-at-first-court-appearance/, with a gutter credit identifying Plaintiff as the photographer.

24. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

25. On February 6, 2025, the Photograph was registered by the USCO under Registration No. VA 2-432-350.

26. The Photograph was registered within three months after its first publication. Accordingly, pursuant to 17 U.S.C. § 412(2), Plaintiff may elect statutory damages and seek an award of attorney's fees for infringement that commenced after the Photograph's



SLG SANDERS LAW GROUP

first publication and before the effective date of its registration, including the Infringement.

27. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

28. The Photograph was not a pool photograph. Plaintiff licensed the Photograph to the New York Post and has not licensed it to any other person or entity.

**B. Defendant's Infringing Activity**

29. Defendant is the registered owner of the Account and is responsible for its content.

30. Defendant is the operator of the Account and is responsible for its content.

31. The Account is a part of and used to advance Defendant's commercial enterprise.

32. Upon information and belief, Defendant monetizes the Account by offering paid subscriptions to the Account through X's subscription feature, as reflected by the "Subscribe" button displayed alongside the Infringement, and Defendant profits from these activities.

33. Upon information and belief, Defendant uses the Account to promote its newsletter and to solicit paid "Bookings" and "Partnerships," as advertised in the Account's profile, and Defendant profits from these activities.

34. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

35. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

SLG SANDERS LAW GROUP

36. Upon information and belief, Defendant is a sophisticated media operation whose business consists of publishing news and commentary, including photographs, to an audience of over one million followers, in an industry in which the licensing of professional photography is commonplace.

37. Upon information and belief, Defendant knew or should have known that the Photograph was protected by copyright, including because the Photograph was of professional quality and distributed through commercial channels. Despite this, Defendant used the Photograph without seeking permission or obtaining a license.

38. As first published by the New York Post, the Photograph was accompanied by a gutter credit identifying Plaintiff as its author. Defendant displayed the Photograph without that credit or any other attribution to Plaintiff.

39. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

40. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

41. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

42. On or about December 26, 2024, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photograph on the Account as part of an on-line social media post at URL: https://x.com/libsoftiktok/status/1872313901070839899 (the "*Infringement*"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.



SLG SANDERS LAW GROUP

43. Defendant uploaded the Photograph to X, causing a copy of the Photograph to be reproduced and stored at URL: https://pbs.twimg.com/media/GfvLN5dWIAAqim1?format=jpg&name=small.

44. Defendant's post consisted of the Photograph accompanied by a one-sentence caption summarizing the news event that the Photograph depicts. Defendant offered no commentary on or criticism of the Photograph itself and used the Photograph for the same purpose for which it was created and licensed: to depict Jason Sargeant at his first court appearance.

45. Defendant published the Photograph on December 26, 2024, within approximately twenty-four hours of the Photograph's first publication, when the Photograph's value as news photography was at its highest.

46. The Infringement is a copy or substantially similar copy of Plaintiff's Photograph, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

47. Plaintiff first observed the Infringement and Defendant's violation of the DMCA on March 14, 2025.

48. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

49. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

50. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Account, including Plaintiff's Photograph.

51. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photograph. Defendant used

SLG SANDERS · LAW GROUP ·

the Photograph in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

52. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, editors, moderators, social media managers, and other representatives acting on its behalf (collectively, the "*Representatives*").

53. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

54. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photograph.

55. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photograph.

56. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

57. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and scope of their authority.

58. Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

59. As of March 14, 2025, Defendant's post displaying the Photograph had been



SLG SANDERS LAW GROUP

viewed approximately 354,900 times and had received approximately 1,000 replies, 1,300 reposts, and 8,500 likes.

60. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

61. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c), but instead was affirmatively selected and published by Defendant and/or its Representatives.

62. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

63. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

64. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

65. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

66. Upon information and belief, Defendant monitors the content on its Account.

67. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

68. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

SLG SANDERS LAW GROUP

69. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

70. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

71. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

72. Defendant's use of the Photograph harmed the actual market for the Photograph.

73. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

74. Defendant's unauthorized use usurps the market for licensed uses of the Photograph and undermines Plaintiff's ability to license his work to other commercial entities.

75. On or about March 24, 2025, Plaintiff, through counsel, notified Defendant of its use of the Photograph described herein, identified Plaintiff's copyright registration for the Photograph, and requested that Defendant produce any license authorizing that use.

76. On or about March 25, 2025, counsel for Defendant responded to Plaintiff's notice, and counsel for the parties thereafter corresponded regarding Plaintiff's claims through July 2026. Defendant then retained new counsel, who did not respond to Plaintiff's counsel's follow-up communications of August 4, 2026, and August 31, 2026.

77. Defendant has not identified any license for the Photograph and has not compensated Plaintiff for its use.

78. Upon information and belief, after receiving notice of Plaintiff's claims, Defendant removed the post containing the Infringement from the Account. However, the

copy of the Photograph that Defendant uploaded to X remains publicly accessible at URL: https://pbs.twimg.com/media/GfvLN5dWIAAqim1?format=jpg&name=small. A screengrab of the Photograph at that URL, captured on November 3, 2026, is attached hereto as Exhibit 3. Defendant's removal of the post does not cure or excuse its unauthorized reproduction, display, and distribution of the Photograph.

79. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

80. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**<u>FIRST CAUSE OF ACTION</u>**

***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

81. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

82. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

83. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

84. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to Defendant.

85. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights in his copyright.

86. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.



SLG SANDERS LAW GROUP

SLG SANDERS · LAW GROUP ·

87. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

88. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for its infringement of the Photograph pursuant to 17 U.S.C. § 504(c).

89. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

90. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
***(Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))***

91. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

92. The Photograph, as originally published and distributed by Plaintiff and/or Plaintiff's authorized licensing agents at URL: https://nypost.com/2024/12/25/us-news/alleged-grand-central-terminal-slasher-wails-for-his-mom-at-first-court-appearance/ contained a gutter credit attributing Plaintiff as the author of the work. Such a credit qualifies as copyright management information ("CMI") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A screenshot of the New York Post article as originally

SLG SANDERS · LAW GROUP ·

published, displaying the gutter credit, is attached hereto as Exhibit 4.

93. Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

94. Upon information and belief, Defendant's distribution of the Infringement containing the Photograph was undertaken with actual knowledge that Plaintiff's CMI had been removed, altered, omitted, and/or not reproduced without Plaintiff's authorization.

95. Upon information and belief, Defendant knowingly removed, altered, omitted, and/or failed to reproduce Plaintiff's copyright management information and knew, or had reasonable grounds to know, that such conduct would induce, enable, facilitate, and/or conceal the infringement of Plaintiff's copyrighted work alleged herein.

96. Defendant's conduct violates 17 U.S.C. § 1202(b).

97. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

98. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

99. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

100. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment

finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying, reproducing, distributing, publishing, and publicly displaying it without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for its infringement of the Photograph pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d. for an award of actual damages or, in the alternative, statutory damages against Defendant in an amount up to $25,000.00 for each violation of the DMCA pursuant to 17 U.S.C. § 1203(c);

e. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

f. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

g. for pre-judgment interest as permitted by law; and

h. for any other relief the Court deems just and proper.

SLG SANDERS LAW GROUP

DATED: November 20, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders_________*
Craig Sanders, Esq. (Fla Bar 985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131667

*Attorneys for Plaintiff*